UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYURIS ROSALES,

      Plaintiff,                                      Case No. 19-cv-13365
                                                  Hon. Matthew F. Leitman

v.

WES FINANCIAL AUTO GROUP, INC.,

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S**
**SECOND MOTION TO DISMISS (ECF No. 13)**

In this action, Plaintiff Maryuris Rosales alleges that Defendant Wes Financial Auto Group, Inc. ("Wes Financial") made a number of misrepresentations when it sold her a used vehicle.  Wes Financial has moved to dismiss Rosales' claims for lack of subject matter jurisdiction and for failure to state a claim. (*See* Sec. Mot. to Dismiss, ECF No. 13.)  For the reasons explained below, the motion to dismiss for lack of subject matter jurisdiction is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

1

# I

## A

According to Rosales, on October 2, 2018, she purchased a used BMW from Wes Financial for $24,900. (*See* Compl. ¶ 8, ECF No. 1-1, PageID.4.)  Rosales says that around the time of her purchase, Wes Financial made a number of misrepresentations concerning the quality of the vehicle she purchased.

Rosales initially filed this action on November 14, 2019. (*See* Compl., ECF No. 1.)  Her original Complaint asserted three state-law claims against Wes Financial arising from her purchase: a claim for violation of the Michigan Consumer Protection Act (the "MCPA"); a common-law intentional misrepresentation claim; and a common-law claim for innocent/negligent misrepresentation. (*See* Compl., ECF No. 1-1, ¶¶ 5–17, PageID.4–6.)

Rosales invoked this Court's diversity jurisdiction. (*See id.* ¶ 3, PageID.4.) She alleged that she is a citizen of Ohio and that Wes Financial is a citizen of Michigan. (*See id.* ¶¶ 1–2, PageID.3–4.)  With respect to the amount in controversy, Rosales claimed that her pecuniary damages from Wes Financial's alleged misrepresentations "exceed[ed] $24,900.00," and she also sought to recover an "amount exceeding $75,000.00 in punitive damages." (*Id.* at 4, PageID.6.)

Wes Financial responded on December 13, 2019, by filing a motion to dismiss for failure to state a claim under Rule 12(b)(6). (*See* First Mot. to Dismiss, ECF No.

4.)  Wes Financial argued in part that Rosales' initial Complaint "neither link[ed] up her earlier factual assertions with the elements of her claim, nor identifie[d] in what way any purported act or practice supposedly violate[d] a particular statute." (*Id.*, PageID.33.)

The Court reviewed Rosales' original Complaint and had serious concerns about whether it satisfied the amount-in-controversy requirement for diversity jurisdiction.  The Court's concerns arose from the fact that punitive damages are not allowed under Michigan law and from the lack of any allegations in the initial Complaint explaining how Rosales' pecuniary damages could possibly exceed $24,900 (the purchase price of the vehicle).

The Court convened an on-the-record telephonic status conference on January 16, 2020, and explained its concerns about subject matter jurisdiction to counsel for both parties.  During the conference, the Court offered Rosales an opportunity to replead her claims in a manner that satisfied the amount-in-controversy requirement for diversity jurisdiction.  Following that telephonic status conference, the Court entered an order that granted Rosales leave to amend in order to allege an amount in controversy that exceeded $75,000:

> Plaintiff shall file a First Amended Complaint by not later than February 7, 2020.  In the amended pleading, Plaintiff *shall itemize her claimed damages and shall specifically plead a plausible theory of damages that, if proven, would entitle her to recover more than $75,000.*

(Order on Status Conf., ECF No. 10, PageID.65; emphasis added.)  The Court also terminated as moot Wes Financial's initial motion to dismiss. (*See id.*)

## B

Rosales filed her Amended Complaint on February 3, 2020. (*See* Am. Compl., ECF No. 12.)  Rosales' Amended Complaint asserts the same three state-law claims against Wes Financial that she asserted in her initial Complaint. (*See id.* ¶¶ 5–21, PageID.69–73.)  And the Amended Complaint again invokes the Court's diversity jurisdiction. (*See id.* ¶ 3, PageID.69.)

With respect to the amount in controversy, Rosales again claims that she suffered "an amount exceeding $24,900.00" in pecuniary damages. (*See id.* at 6, PageID.73.)  But she does not allege any facts concerning how her pecuniary damages could exceed the $24,900 purchase price for the vehicle.  And she has replaced her original request for punitive damages with a demand for an "amount exceeding $75,000.00" in exemplary damages. (*See id.*)  The body of the Amended Complaint contains only a single reference to exemplary damages: in Rosales' claim for intentional and/or reckless misrepresentation, she states that "exemplary damages are allowed to be awarded [under Michigan law] for the alleged claim of fraud and misrepresentation without any statutory limit placed on the amount of the exemplary damages award." (*Id.* ¶ 17, PageID.72.)

The vast majority of the allegations in the Amended Complaint do not plead facts, but, instead, quote statutory language, describe decisions issued by state and/or federal courts, and/or list the elements of the common-law claims that Rosales asserts. (*See, e.g.*, *id.* ¶¶ 11–18, PageID.71–73; reciting the elements of common-law fraud and describing state and federal rulings.)   Indeed, the only substantive factual allegations contained in the Amended Complaint are the following:

- "Defendant, through its authorized representatives, made material misrepresentations concerning the quality of the subject vehicle, leading Plaintiff to believe she was purchasing an excellent vehicle, that would provide her years of quality service and the purchase price for this vehicle accurately reflected the true value of the vehicle." (*Id.* ¶ 9, PageID.70.)

- "Defendant's authorized representatives expressly stated that the engine in the subject vehicle was of high quality, that the engine would provide excellent service to Plaintiff and that Plaintiff could rely upon Defendant's authorized representatives' statements concerning the quality of the vehicle." (*Id.*)

- "Plaintiff reasonably relied upon Defendant's authorized representatives representations regarding the quality of the subject vehicle.   Specifically Defendant, through its authorized representatives, violated MCL 445.903 by . . . (a) Representing the subject vehicle has benefits, characteristics, or benefits that it did not have at the time of the sale[;] (b) Representing the subject vehicle was a particular standard, quality or grade which was false[;] (c) Failing to reveal a material fact regarding the quality of the subject vehicle, the omission which tends to mislead or deceive Plaintiff and which fact could not reasonably be known [to] Plaintiff: (d) Charging

Plaintiff a price for the subject vehicle that is grossly in excess of the price at which similar property or services are sold." (*Id.* ¶ 10, PageID.70–71.)

- "Defendant, through its sales representative, intentionally mislead Plaintiff that the subject vehicle she was purchasing was of excellent value and she would enjoy years of quality driving of this vehicle." (*Id.* ¶ 12, PageID.71.)

Notably, the Amended Complaint does not contain a single factual allegation concerning the actual condition of her vehicle. Nor does it say a word about how the vehicle actually performs, about whether Rosales has had to pay for repairs to the vehicle, and/or about any particular problems that Rosales has had with the vehicle. In short, Rosales does not make any factual allegations about how the actual value of her vehicle compares to the purchase price.

## C

Wes Financial filed a second motion to dismiss on February 7, 2020. (*See* Sec. Mot. to Dismiss, ECF No. 13.) Wes Financial first argues that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. (*Id.*, PageID.101–106.) Wes Financial then argues that Rosales has not pleaded her fraud claims with particularity as required by Federal Rule of Civil Procedure 9(b) and has otherwise failed to plead viable misrepresentation claims. (*See id.*, PageID.95–101.)

Pursuant to Local Rule 7.1(f)(2), the Court concludes that Wes Financial's motion may be resolved without oral argument.

6

## II

## A

"[F]ederal courts are courts of limited jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  As the Supreme Court has explained:

> Article III, § 2, of the Constitution delineates "[t]he character of the controversies over which federal judicial authority may extend." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U. S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). And lower federal-court jurisdiction "is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Ibid.* Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U. S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).
>
> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides "a neutral forum" for parties from different States. *Exxon Mobil Corp.*, *supra*, at 552, 125 S.Ct. 2611.

*Id.*

In every case, "the party invoking federal jurisdiction has the burden to prove that jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). As noted above, Rosales invokes this Court's diversity jurisdiction. Thus, she has the burden of proving (1) complete diversity of citizenship between the parties and (2) that the amount in controversy exceeds $75,000.

**B**

Wes Financial challenges Rosales' invocation of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. There are two types of attacks on subject matter jurisdiction under Rule 12(b)(1): facial attacks and factual attacks. The Sixth Circuit has described the differences between these two attacks – and the different standards that courts employ when reviewing them – as follows:

> A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a *factual* attack . . . no presumptive truthfulness applies to the factual allegations.

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (emphasis in original).

Here, Wes Financial brings a facial attack on the Court's subject matter jurisdiction. It contends that Rosales fails to sufficiently plead facts showing that

the amount in controversy exceeds $75,000.   Accordingly, in reviewing Wes Financial's motion, the Court "takes the allegations in [Rosales'] complaint as true." *Id.*

III

The allegations in Rosales' Amended Complaint fall far short of establishing that the amount in controversy exceeds $75,000.  The Court therefore lacks diversity jurisdiction over this action.

Rosales' Amended Complaint seeks two categories of damages: pecuniary damages and exemplary damages.  These two damages claims, taken together, do not exceed $75,000.

The Court begins with Rosales' claim for pecuniary damages.   Rosales appears to be claiming that she suffered a financial loss by paying $24,900 for a vehicle that was worth less than that amount.  But the only factual allegation in the Amended Complaint relating to economic damages is the contention that Rosales paid $24,900 for her vehicle. (*See* Am. Compl. ¶ 8, ECF No. 12, PageID.70.)  As noted above, Rosales does not make any factual allegations regarding the actual value of the vehicle.  Thus, her allegations do not demonstrate that she is entitled to any damages for the difference between the actual value of the vehicle and her purchase price.  Nor has Rosales alleged that she suffered any economic damages

by paying for repairs performed on, or parts added to, the vehicle.  Her allegations simply do not demonstrate that she has suffered any pecuniary damages.

But even if the Court were to assume that Rosales' vehicle was worth *nothing* – and that she thus suffered $24,900 in pecuniary damages by paying that amount for a worthless car – the amount in controversy here would still fall well below $75,000.  That is because Rosales is plainly not entitled to the only other damages she seeks: exemplary damages.

Exemplary damages may be counted toward the amount in controversy "[i]f relevant state law permits" such "damages *on the facts alleged*." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994) (emphasis added).  But exemplary damages are not available under Michigan law based on the facts alleged by Rosales.

Under Michigan law, an "award of exemplary damages is considered proper if it compensates a plaintiff for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, wilfully [sic] and wantonly inflicted by the defendant." *See Broadnax-Hill v. Hosington*, 625 F. App'x 268, 271 (6th Cir. 2015) (quoting *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980)) (quotation marks omitted).  Moreover, "[t]he purpose of exemplary damages in Michigan has not been to punish the defendant, but to render the plaintiff whole," and thus  "[w]hen compensatory damages can make the injured party whole," the

10

Supreme Court of Michigan "has denied exemplary damages." *Hayes-Albion v. Kuberski*, 364 N.W.2d 609, 617 (Mich. 1984).

Rosales' Amended Complaint does not plead a single fact that, if proven, would entitle her to an award of exemplary damages under Michigan law. She fails to allege that she suffered "humiliation, sense of outrage, and indignity" due to Wes Financial's alleged misrepresentations. *Broadnax-Hill*, 625 F. App'x at 271. She fails to allege that Wes Financial acted maliciously, willfully, or wantonly in inflicting her injuries. *See id.* And she fails to allege that she could not be made whole by compensatory damages. *See Hayes-Albion*, 365 N.W.2d at 617. Because Rosales has not made any factual allegations that, if proven, would entitle her to exemplary damages, her claim for such damages cannot be considered toward the $75,000 amount-in-controversy requirement.

The United States District Court for the Western District of Michigan reached the same conclusion *Krieger v. Gast*, 197 F.R.D. 310, 318 (W.D. Mich. 2000). In *Krieger,* the plaintiffs sought exemplary damages, but, like Rosales, they failed to make allegations that, if proven, would have entitled them to such an award. The court held that the claimed exemplary damages could not count toward the amount-in-controversy requirement:

> Under the set of facts alleged by Krieger, this Court is unable to ascertain any basis for an award of exemplary damages because Krieger and the other class members would be made whole by an award of compensatory

> damages . . . .  In addition, Krieger has not even alleged
> that his feelings were hurt by a malicious, wilful [sic], and
> wanton act of Defendants that would give rise to a claim
> for such damages.   Therefore, there is no basis for
> including the claimed $20 million in exemplary damages
> towards the jurisdictional amount.

*Id.* (citation omitted); *see also Stephens v. Melson*, 426 F. Supp. 1022, 1024 (D. Del. 1977) ("Simply to assert bad faith on the part of defendants and demanding exemplary damages without any factual basis is insufficient to establish the jurisdictional amount.").[1]   *Krieger* confirms that Rosales' claim for exemplary damages should not be considered in assessing the amount in controversy.

Rosales counters with only a single argument.  She insists that she is "allowed to pursue exemplary damages against the defendant for its alleged fraudulent misrepresentations concerning the subject vehicle." (Resp., ECF No. 14, PageID.117.)  But the fact that Michigan law may allow claims for exemplary damages is beside the point.  The point is that while exemplary damages may be available under Michigan law, they are not available *to Rosales* because she has

---

[1] Courts have similarly dismissed actions for lack of subject matter jurisdiction where the plaintiffs failed to plead facts that, if proven, would entitle them to punitive damages. *See, e.g.*, *Jenkins v. C3 Racing, Inc.*, No. 17-cv-141, 2018 WL 318464, at *6 (D. Vt. Jan. 5, 2018); *Pinnacle Info. Sys. v. W. Clearing Corp.*, No. 11-cv-5092, 2011 WL 3586433, at *2 (S.D.N.Y. Aug. 4, 2011); *Nicholson v. Marine Corps W. Fed. Credit Union*, 953 F. Supp. 1012, 1018–19 (N.D. Ill. 1997); *Carroll v. Merriwether*, 921 F. Supp. 828, 830 (D.D.C. 1996).

failed to plead even a single fact that, if proven, would support an award of such damages.

For all of these reasons, the allegations in Rosales' Amended Complaint fail to establish that the amount in controversy exceeds $75,000. The Court therefore lacks diversity jurisdiction over this action.

## IV

Rosales has not filed a motion for leave to file a Second Amended Complaint, and she did not request leave to amend in her response to Wes Financial's motion to dismiss the Amended Complaint. But even if Rosales had properly moved for leave to amend, the Court would have declined to allow Rosales to amend for a second time. While leave to amend should be "freely give[n] *when justice so requires*," Fed. R. Civ. Proc. 15(a)(2) (emphasis added), justice does not require that Rosales be permitted to file a Second Amended Complaint.

Rosales has already been given a full and fair opportunity to address and cure her failure to plead facts sufficient to establish the Court's subject matter jurisdiction. During the telephonic status conference described above, the Court highlighted the lack of sufficient jurisdictional allegations in Rosales' initial Complaint. The Court then gave Rosales a chance to cure this deficiency by pleading factual allegations showing that the amount in controversy exceeded $75,000. (*See*

Order on Status Conf., ECF No. 10, PageID.65.)  Rosales, however, failed to take advantage of this opportunity.

Under these circumstances, leave to amend yet again – to correct deficiencies that were plainly highlighted for Rosales prior to her last amendment – is properly denied.  Justice would not be served by granting Rosales another "do over." Moreover, Rosales is not "entitled to an advisory opinion from the Court informing [her] of the deficiencies of [her] complaint and then [yet another] opportunity to cure those deficiencies." *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (quoting and affirming district court order denying leave to amend complaint).

In one of this Court's prior cases, *Wysong Corp. v. APN, Inc.*, 266 F. Supp. 3d 1058 (E.D. Mich. 2017), the Sixth Circuit confirmed that denying leave to amend under the circumstances similar to those presented here is a proper exercise of discretion under Rule 15.  In *Wysong*, the defendants moved to dismiss the plaintiff's complaint, and, as in this case, the Court gave the plaintiff an opportunity to amend to correct the pleading deficiencies identified in the motion.  The plaintiff filed an amended complaint, but it did not take advantage of the opportunity to cure a key defect that the defendants had identified in the motion to dismiss.  This Court held that the defect was fatal to plaintiff's claims, and the Court denied leave to amend a second time because the plaintiff had failed to cure the defect when directly given

the opportunity to do so.  On appeal, the Sixth Circuit held that this Court's "reasons were sufficient to justify denial of leave to amend," and that court affirmed the denial of leave to amend. *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 273 (6th Cir. 2018). As in *Wysong,* even though Rule 15 embodies a liberal policy in favor of permitting amendments, *see, e,g.*, *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 552 (6th Cir. 2008), the Court declines to grant Rosales leave to file a Second Amended Complaint.

## V

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that Wes Financial's Second Motion to Dismiss (ECF No. 13) is **GRANTED**, and Rosales' Amended Complaint (ECF No. 12) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Rosales may re-file this action in a state court – where it has belonged since its inception.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 21, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

15